# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

# CIVIL RIGHTS COMPLAINT

-------------------------------------------------X

JENNIFER TAYLOR,

                 **Plaintiff**

     -against-

BENNETTS STEAK AND

FISH, L.L.C.,

                 **Defendant**

-------------------------------------------------X

CASE NUMBER 3:10CV1793(SRU)

**PLAINTIFF DEMANDS TRIAL BY JURY**

## A.       PARTIES

1) At all times hereinafter mentioned, Plaintiff Jennifer Taylor was and remains a resident of Connecticut.
2) Defendant, Bennetts Steak and Fish L.L.C., is a corporation incorporated under the laws of Connecticut, and having a main office at 24-30 Spring Street, Stamford, CT 06902, and is licensed to do business in Stamford, CT.
3) Defendant was not ever acting under color or law at any time, either during or after the events transpired which give rise to this action.

## B.       JURISDICTION

Plaintiff's Complaint is made on the basis of The Defendant's multiple violations pursuant to **42 U.S.C. § 1983**.

1

## C.    NATURE OF THE CASE

1) The Defendant's owners, managers, and other employees deliberately conspired, acting in violation of The Plaintiff's constitutionally guaranteed civil rights, in a pattern of collusion specifically devised for the purpose of willfully depriving Plaintiff of equal opportunity to work and to equal pay, to deny certain positions and income from Plaintiff, despite her superior qualifications, solely on basis of her female gender.

2) The Defendant willfully, aggressively, and malevolently created an hostile workplace environment for The Plaintiff, with the express intention of discouraging, intimidating and punishing The Plaintiff for her continued pursuit of positions which The Defendant had already explicitly informed The Plaintiff were reserved as being for men only, therefore not available for her.

3) The Defendant fired The Plaintiff in retaliation after she simultaneously made a written plea for equal enforcement of company policy and a written, as opposed to ever-changing, oral-only code of conduct and company policies, in addition to her pleas to a member of management that the unbearable sexual harassment, threats and stalking to which she were being exposed by a co-worker, please be ended.

## D.    CAUSE OF ACTION

I, The Plaintiff, allege that my constitutional rights to not be subjected to gender-based discrimination in the workplace, as to equal job consideration, equal pay, and equal enforcement of company policies, as well as equal protections against sexual and environmental harassment by co-workers, management and owners have been egregiously, intentionally and repeatedly violated by The Defendant.

Further, I, The Plaintiff, allege that The Defendant has conspired to perpetuate their willful, gender-based abuse and deprivations against The Plaintiff by engaging a series of punitive actions meant to intimidate, threaten, harass, malign and otherwise deter The Plaintiff from continuing to seek equality from The Defendant into perpetuity, which such actions finally culminated in The Plaintiff finally being fired in blatant retaliation for her refusal to accept the discriminating policies and unbearable sexual and environmental abuse and harassment employed by The Defendant in order to perpetuate their boys'-club environment and the gender-based discrimination required to facilitate same.

The following facts form the basis of The Plaintiff's allegations:

1) Plaintiff Taylor was repeatedly denied several positions on such unlawful and discriminatory basis that only men were allowed to manage, serve food in the dining room(s), or have any responsibilities at the bar which involved either inventory or ordering issues.

2) The Defendant also paid higher monetary compensation, and other benefits to male employees, both for substantially the same work as what Plaintiff performed, and as well for work assignments reserved only for male employees, despite that Plaintiff Taylor were able, actively soliciting, and/or were available to perform these male-only jobs,  which jobs Plaintiff was repeatedly denied  by The Defendant, solely because of her gender.

3) Subsequent to The Defendant's repeated refusals to provide equal access and opportunities in the workplace, thereby depriving The Plaintiff, a female, of the equal opportunities and higher incomes as were available to men, The Defendant's owners and/or managers Messers. Bennett & Matthew Salvatore, Anthony Zezima, Richard Novakowski, and Robert Parish repeatedly either assigned, scheduled and/or hired others, all men, to fulfill the same assignments, jobs, or positions from which The Plaintiff had been refused, excluded or disqualified from holding, on sole and stated basis of her female gender.

4) These illegal, discriminatory actions were overtly justified orally to The Plaintiff upon numerous occasions, by statements that The Defendant's self-dictated restriction against having women perform in such capacities were simply fixed company policy, and thus not a subject for any continued debate.

5) The defendant, through the above five listed individuals, as well as through others, each while acting in their official capacity, stated that the basis for this policy excluding women from certain jobs, and thus from higher pay, was The Defendant's past bad experience(s) with women whom  they had previously placed specifically in such capacity as server, and whom, The Defendant claimed, through each of the five above named owners/managers, as well as through others, had just simply caused too much trouble when they had held such positions, causing The Defendant to permanently prohibit women from such positions.

6) Plaintiff's repeated requests/solicitation for male-only positions were made consistently during the entire seven months Plaintiff was employed by The Defendant, starting  immediately upon Plaintiff's application/ hire, on or about September 15, 2008, and specifically included but are not limited to the positions/tasks of server, closing manager, beer, wine, and liquor inventory taker/order placer.

7) Plaintiff's persistent requests for equal consideration, opportunity and pay resulted only in The Defendant's imposition of a systematic and escalating pattern of intentional harassment, intimidation, and arbitrary & selective punitive reprisals, including the use of relentless false, rigged, contrived and/or manufactured allegations of misconduct The Defendant falsely alleged against The Plaintiff, related to The Defendant's purported, fictitious 50% liquor cost.

8) The Defendant's systematic use of contrived, manufactured, rigged allegations against The Plaintiff, would result in The Defendant's perpetual & public chastisement as well as private warnings and threats of punishment and termination against The Plaintiff, despite that same were fictitious creations, all of which were being used to punish Plaintiff for her refusal to cease her pursuit of the off-limits-to-her-as-a-female-positions.

9) Many, if not all, of the male employees who were tapped for these positions from which The Plaintiff were denied access on sole, stated basis of her gender, were either blatantly less/non-qualified/competent than The Plaintiff, provably. In some cases the male employees were allowed to work in these male-only positions while habitually impaired, due to their known illegal drug and/ alcohol abuse, accompanied by members of management and owners as well, with such abuse often transpiring on the premises while the male employees were still on the clock.

10) Plaintiff Taylor was forced to understand that, for The Defendant, any male employee, irrespective of capacity, literacy, sobriety, experience, presentation, punctuality, criminality, legal hire status, knowledge, attitude or ability was preferred over, and used instead of the highly qualified Plaintiff, as the record will show.

11) Because The Defendant has willfully undertaken to operate the business known as Bennetts Steak and Fish, L.L.C. in defiance to the Federally insured civil rights which are meant to guarantee that no employer may exclude an applicant from work or certain positions on the basis of their gender, nor may an employer adjust wages paid to employees based on gender, for doing substantially the same work, the Plaintiff has paid the ultimate price, having been fired in retaliation as consequence of her determination to object to and then reverse The Defendant's refusals to abide by the federally ensured right towards workplace equality, even for women.

4

12) In retaliation, The Defendant intentionally created a workplace environment of ever-escalating and toxic hostility wherein other employees were also enlisted to sadistically malign The Plaintiff, or otherwise face negative consequence themselves, which such environment The Defendant meant to first deter and finally eject The Plaintiff from seeking workplace and wage equality further, and from the workplace generally, respectively.

13) In this environment and context, which finally boiled over the Monday after Easter, April, 2009, The Plaintiff was fired on the telephone before her scheduled evening shift, on the basis that there was no reason other than Plaintiff did not fit [because she was female, and did not know her place], in blatant retaliation by the Defendant after Plaintiff Taylor had made repeated requests for: (a) fair workplace standards as respect work, pay and position availability, as well as, (b) equally applied employee rules and standards, and the provision of a written code for to facilitate same, as well as for, (c) the cessation of egregious sexual harassment, threats of violence, including rape, and stalking by a certain co-worker, in addition to a (d) cessation of the cruel environmental harassment The Defendant deliberately, cruelly, and manifestly employed in a retributive reprisal to discourage The Plaintiff from seeking such equality, and to force The Plaintiff to leave her position 'voluntarily' were made one final time, inter alia.

14) Subsequent to The Plaintiff's termination, The Defendant has furthered their cruel, illegal, harassment and actions against The Plaintiff by engaging in a vendetta devised to forever and permanently smear the character, reputation, and thereby the future financial viability of the aggrieved Plaintiff, which The Defendant has done for the express purpose of ensuring that The Plaintiff will experience even further economic and emotional damages, remain unemployable and permanently discredited, disadvantaged, destitute and shamed as punitive retribution, first, for her having had the temerity to expect that The Defendant would uphold their clear obligation to abide by Federal Laws Prohibiting Gender Discrimination, and second, for The Plaintiff's further mendacity in having refused to accept The Defendants' unbearable abuse, harassment, threats of violence, intimidation and ostracism which The Defendant deliberately, systematically and nefariously exacted through use of collusion and conspiracy with other employees and owners against The Plaintiff with the explicit and willfully malicious expectation that she would forego her right to equality permanently, and leave 'voluntarily'.

## E.   PREVIOUS LAWSUITS

The Plaintiff has initiated, as of 11/10/2010, a civil suit in State Court, Stamford, CT, filed November 15, 2010, which, consequent the recent nature of said filing, has not yet been assigned a docket number.

This State Court action is undertaken on the basis of The Defendant's harassment (both sexual and environmental) of The Plaintiff, as outlined in COUNT ONE of the complaint, as well as on basis of The Defendant's retaliatory firing of The Plaintiff, as outlined in COUNT TWO of the complaint.

The parties to this State Court suit filed on even date herewith,  in Stamford, CT, 123 Hoyt Street, Stamford, CT  06902 has the identical parties as does this action, Plaintiff Jennifer Taylor, Defendant Bennetts Steak and Fish, L.L.C., has no assigned docket number as yet, no disposition, or any other pleadings yet filed, outside the initial Complaint, Summons, Writ, and State Marshal's endorsed proof of complete Service of Process upon The Defendant's Agent, Mr. Bennnett Salvatore.

Plaintiff confirms that she has not filed any other Federal Suit with this or any other Federal Court, with respect to either this or any other issue, either in the last ten years, or ever.

Plaintiff further confirms that she, prior to initiating this Federal, as well as the State Action, had previously filed requisite complaints with both CHRO and, by consequence, EEOC dually, has waited the requisite period as provided by statute, and has requested, and received a Release of Jurisdiction by the CHRO, thus allowing The Plaintiff to seek recovery from both State and Federal Actions.

Finally, Plaintiff attests that this action has been filed within the statute of limitations relevant and applicable, thus jurisdiction is unassailable.

## F.   REQUEST FOR RELIEF

**WHEREFORE; Plaintiff demands:**

**Compensatory monetary damages be awarded in the amount equivalent to treble that lost by Plaintiff Taylor, an amount not quantified, indeterminate in nature as yet, pending discovery.**

**Punitive monetary damages be awarded in the amount the Court deems fit, on basis of The Defendant's willful infliction of emotional pain, torture and suffering upon The Plaintiff by The Defendant's engaging deliberate gender-based discrimination, harassment and retaliation, and use of conspiracy against The Plaintiff unlawfully, to perpetuate same.**

**And any other relief which This Court may deem appropriate.**

**JENNIFER TAYLOR, Plaintiff**
**49 Hollow Tree Ridge Road**
**Darien, CT 06820**
**Tel 203-858-3818**
**Fax 866-878-5337**

**DATE:** 11·15·2010

Ellen Bay            12·31·2011

Notary            Date CommissionExp

ELLEN B. BAY
*NOTARY PUBLIC*
MY COMMISSION EXPIRES DEC. 31, 2011

7

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is the plaintiff in the above action, that she has both written and thus necessarily also read the above complaint and that the information contained in the above attached  complaint is true and correct, pursuant to 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed in Darien CT  on November 15, 2010, by Plaintiff Jennifer Taylor, personally.

**Jennifer Taylor, Plaintiff, *pro se***
**49 Hollow Tree Ridge Road**
**Darien, CT 06820**
**Tel 203-858-3818**
**Fax 866-878-5337**

_Ellen Bay_ / 12-31-204
Notary          Date CommissionExp

ELLEN B. BAY
NOTARY PUBLIC
MY COMMISSION EXPIRES DEC. 31, 2011